**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| National Life Distribution LLC, | No. CV-24-02609-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Vincent Del Franco, et al., | |
| Defendants. | |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

This is an interpleader action. There are two forms of interpleader actions: those brought pursuant to Rule 22 ("rule") and those brought pursuant to 28 U.S.C. § 1335 ("statutory"). *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1007 n.1 (9th Cir. 2012). Each requires a different jurisdictional showing. *See* Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 1710 (2001) ("Rule and statutory interpleader are treated differently for purposes of determining whether the court has subject-matter jurisdiction."). Specifically, "[f]or statutory interpleader, 28 U.S.C. § 1335, there must be diversity between the adverse claimants. For [rule] interpleader under [Rule 22] predicated on diversity jurisdiction, there must be diversity between the stakeholder on

one hand and the claimants on the other. . . . [S]tatutory interpleader allows so-called minimal diversity, as distinguished from complete diversity, and also requires only that $500 be in controversy in lieu of the usual . . . requirement." *Id.* (citations and quotation marks omitted).

The complaint does not specify which form this action is, but it appears to be a rule interpleader action, not a statutory interpleader action. (Doc. 1 ¶ 5 ["This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between [Plaintiff] and the Interpleader Defendants, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."].) Thus, the complaint must establish the existence of complete diversity between Plaintiff and the specified claimants (Defendants). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

The complaint does not allege facts sufficient to establish the citizenship of Plaintiff National Life Distribution, LLC or Defendant LifeTyme Financial Group LLC ("LifeTyme"). An LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to properly establish diversity jurisdiction "with respect to a limited liability company, *the citizenship of all of the members must be pled*." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016) (emphasis added). The complaint must list the members of each LLC and affirmatively allege the citizenship of each, using the proper legal standard for each—alleging the place of domicile[1] for members who are natural individuals, the place of incorporation and principal place of business for members that are corporations, and, if any of the LLC's members are LLCs, the citizenship of each of the member LLC's members must be alleged, again using the proper legal standards.

---

[1] An individual's state of domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter,* 265 F.3d at 858-59.

Plaintiff must file an amended complaint[2] correcting these deficiencies. *Id.* at 612 ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings."). LifeTyme's citizenship can be pled on information and belief. *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (allowing plaintiff to plead jurisdictional allegations on information and belief "where the facts supporting jurisdiction [were] not reasonably ascertainable by the plaintiff").

Accordingly,

**IT IS ORDERED** that by December 6, 2024, Plaintiff shall file an amended complaint properly alleging Defendants' citizenship.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file its amended complaint, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject matter jurisdiction.

Dated this 19th day of November, 2024.

_____
Dominic W. Lanza
United States District Judge

---

[2] This amended complaint pursuant to court order will not affect Plaintiff's right under Rule 15(a)(1) to later amend once as a matter of course, if it chooses to do so. *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006-09 (9th Cir. 2015).

- 3 -